UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MICHAEL PASSMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00092-JPH-MG |
| | ) | |
| INDIANA DEPARTMENT OF CORRECTIONS, | ) | |
| M. RAINS, | ) | |
| PHAGLEY, | ) | |
| E. HINTON, | ) | |
| THEIL, | ) | |
| CHEW, | ) | |
| RUSS, | ) | |
| C. WILLIAMS, | ) | |
| PELL, | ) | |
| M. KELLEY, | ) | |
| WIDENER, | ) | |
| P. PEREZ, | ) | |
| E. SPRINKEL, | ) | |
| J.R. SMITH, | ) | |
| ZATECKY, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Dismissing Complaint and Directing Filing of Amended Complaint**

Plaintiff Michael Passmore is a prisoner currently incarcerated at Putnamville Correctional Facility ("Putnamville"). He filed this civil action against numerous Putnamville officials contending they violated his constitutional rights. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is

1

immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Passmore has sued fourteen defendants: Dr. P. Perez, M.A. Erin Sprinkle, Warden Zatecky, Deputy Warden Rains, Deputy Warden Phagley, Unit Manager Ester Hinton, Case Worker Theil, Case Worker Chew, Case Worker Ms. Russ, Law Library Supervisor Chris Williams, Law Library Clerk M. Kelley, Internal Affairs Lead Investigator J.R. Smith, Ms. Pell, and Ms. Widener. The complaint makes the following allegations.

Supervisor Williams retaliated against Mr. Passmore by deleting his legal work off the law library computer. Mr. Passmore had been writing a legal brief for a state court case, and Mr. Williams deleted it to prevent Mr. Passmore from filing it. Mr. Williams also refused to process grievances.

Counselor Chew and Case Worker Theil refused to help Mr. Passmore with making legal copies of his paperwork. They also both refused to e-file Mr. Passmore's paperwork in retaliation

for grievances Mr. Passmore previously filed against them. Manager Hinton condoned these actions, and she refused to discipline Counselor Chew or Case Worker Theil.

Mr. Williams and M. Kelley refused to give Mr. Passmore a Notification of Electronic Filing after he filed a lawsuit, and they notified other staff members when Mr. Passmore filed lawsuits. M. Kelley also confiscated Mr. Passmore's legal work, at the direction of J.R. Smith. Mr. Smith refused to return Mr. Passmore's legal work and threatened Mr. Passmore with a disciplinary write-up if he continued complaining.

Warden Zatecky, Ms. Pell, Deputy Warden Phegley, and Deputy Warden Rains retaliated against Mr. Passmore by refusing to process an order stopping a collection order. They further thwarted his litigation by disconnecting his tablet so he could not work on his cases.

Ms. Russ fired Mr. Passmore from his job in retaliation for filing lawsuits against correctional stuff. She also is very rude and disrespectful to Mr. Passmore. She canceled one of Mr. Passmore's videoconferencing hearings in one of his cases in retaliation for filings his lawsuits.

Warden Zatecky refused to follow quarantine protocols. He placed staff and other inmates in danger by keeping inmates together for mealtimes, medical, and commissary.

Mr. Passmore has a serious condition which requires him to see an ENT doctor. Dr. Perez and Erin Sprinkle refused to follow the orders of the ENT doctor and refused to schedule follow up visits. In addition, Dr. Perez provided inadequate treatment to Mr. Passmore's pneumonia. He refused to initially order X-rays, and when he finally did, he delayed submitting the order for months. Mr. Passmore also believes this happened because he has a history of using the grievance system and Putnamville.

Mr. Passmore brings claims for retaliation, negligent training, negligence, equal protection

violations, civil conspiracy, and deliberate indifference. He seeks money damages, declaratory relief, and injunctive relief.

### III. Dismissal of Complaint

Mr. Passmore's complaint as currently structured must be dismissed. Federal Rule of Civil Procedure 18 permits a plaintiff to bring in one lawsuit every claim he has against a single defendant. Fed. R. Civ. P. 18(a). However, to join multiple defendants in a single action, Rule 20 requires that the plaintiff assert at least one claim against all of them "arising out of the same transaction, occurrence, or series of transactions or occurrences" and that "any question of law or fact common to all defendants will arise in the action." *Id*. 20(a)(2). Working together, these two rules mean that "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Consequently, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id*. Rule 20 applies as much to cases brought by prisoners as it does to any other case. *Id*.

Mr. Passmore's complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple defendants for various discrete episodes occurring during the plaintiff's incarceration. The crux of his complaint is that all of the defendants have retaliated against him, but they are not based on the same "transaction" or "occurrence" under the Rules. As a result, there must be more tying each episode together.

The complaint is of the kitchen-sink variety. Put differently, the complaint appears to represent the plaintiff's catalogue of everything that happened to him while incarcerated at

4

Putnamville to which he takes exception. The *George* court instructed that such "buckshot complaints" should be "rejected." *Id*.

Mr. Passmore's complaint filed on March, 9, 2022, is therefore **dismissed**.

### IV. Opportunity to File an Amended Complaint

Mr. Passmore will be allowed to file an amended complaint in this case incorporating only properly related claims. Any unrelated claim not pursued in this case must be brought in a separate action.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order. Any amended complaint should have the proper case number, 2:22-cv-00092-JPH-MG and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

Mr. Passmore shall file an amended complaint **no later than November 24, 2022**. If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no

amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 10/25/2022

                                            *James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL PASSMORE
962822
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Greencastle, IN 46135
Electronic Service Participant – Court Only